IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DANIEL ENOCH ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19CV918 |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Daniel Enoch Roberts ("Plaintiff") brought this action seeking to recover benefits under the Social Security Act for the period from March 4, 2013 to February 22, 2018, and seeking a declaratory judgment of entitlement to benefits under the Act. (See Compl. [Doc. #1].) Plaintiff contends that because he received a settlement on his long term disability claim under ERISA, he is entitled to social security benefits for that same time period. Defendant filed a Motion to Dismiss [Doc. #5], seeking dismissal of Plaintiff's claims for failing to exhaust administrative remedies. In support the Motion to Dismiss, Defendant submitted a Declaration [Doc. #5-2] with Exhibits. The Court entered an Order giving Notice of its intent to consider evidence outside the pleadings and allowing Plaintiff an additional 30 days to file a Response. Plaintiff subsequently filed his Response [Doc. #9], and Defendant filed a Supplemental Response [Doc. #14]. Plaintiff thereafter filed a Motion for Default Judgment [Doc. #15] requesting an evidentiary hearing on his claim for benefits. The pending motions have been fully briefed and are before the Court for consideration.

## I.    PROCEDURAL HISTORY

Plaintiff protectively filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on March 4, 2013. (Podraza Decl. [Doc. #5-2] ¶ 3(a) and Ex. 1-2.) After the Social Security Administration ("SSA") initially denied his applications on June 21, 2013, Plaintiff filed a timely request for reconsideration. (Podraza Decl. ¶ 3(a) and Ex. 3.) The SSA again denied Plaintiff's claims upon reconsideration on October 10, 2013. (Podraza Decl. ¶ 3(a) and Ex. 4-5.) According to Defendant's records, Plaintiff did not request a hearing or take any other action in the administrative appeals process. Instead, Plaintiff protectively filed new applications for DIB and SSI on September 16, 2016. (Podraza Decl. ¶ 3(b) and Ex. 6-7.) These were denied initially on March 20, 2017, and upon reconsideration on July 13, 2018. (Podraza Decl. ¶ 3(b) and Ex. 8-11.) Again, as with Plaintiff's original applications, Defendant's records reflect that Plaintiff did not take any further action in the administrative appeals process. Plaintiff then filed the present suit in this Court.

In response, Defendant filed its Motion to Dismiss, contending that Plaintiff failed to exhaust his administrative remedies and that there is no "final decision" properly before the Court for review. Defendant argued that the Court lacked subject matter jurisdiction and/or that Plaintiff's claims were not properly within the scope of review under 42 U.S.C. § 405(g). Plaintiff filed an initial Response in Opposition [Doc. #7] alleging that he "was told by a person who works at the social security office in the summer months of 2018 while he was in Cherokee, NC over phone number 336-453-1697 that he will receive an administrative hearing date but he was not given a hearing after a letter requesting a hearing was sent to the social security office." (Pl.'s Resp. [Doc. #7] at 1.) Plaintiff's Response also asserted that "Phone

2

records prove the conversation if an investigation is required." (Id.)  Plaintiff's Response further argued that he is owed benefits and that "[t]hey simply are not paying a person that was paid some money for long-term disability benefits."

The Court thereafter entered an Order noting an intent to consider matters outside the pleadings.[1]  Plaintiff subsequently filed another Response [Doc. #9] stating that he "was not given an administrative hearing for ssi [sic] after requesting a hearing," and that he was "told by someone over the phone at social security that a hearing date would be scheduled."   The Court entered an Order allowing Defendant the opportunity to further address Plaintiff's contentions, and Defendant filed a Supplemental Response [Doc. #14].  Plaintiff thereafter filed a Motion for Default Judgment [Doc. #15] requesting an evidentiary hearing on his claim for benefits.  The pending motions have been fully briefed and are before the Court for consideration.

II.    DISCUSSION

The exclusive basis for judicial review in Social Security cases is set out in 42 U.S.C. § 405(g).  Hill v. Colvin, No. 1:14CV354, 2016 WL 727177, at *5 (M.D.N.C. Feb. 23, 2016).  Under § 405(g), "[a]ny individual" may obtain judicial review of "any final decision of the Commissioner of Social Security made after a hearing to which he was a party." (emphasis

---

[1] To the extent that Defendant's Motion could be construed as arising under Rule 12(b)(6), the Court's Order was made pursuant to Rule 12(d), noting that matters outside the pleadings would be considered, and directing Plaintiff to present any evidence in response, in order to give Plaintiff a reasonable opportunity to present all the material that is pertinent to the motion.  To the extent that Defendant's Motion could be construed as arising under Rule 12(b)(1), the Order still served to provide notice to Plaintiff of the Court's intent to consider evidence outside the pleadings and the need to present any evidence including affidavits or documentary evidence contradicting the facts asserted by Defendant.  See Evans v. B.F. Perkins Co., 166 F.3d 642 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 768-69 (4th Cir. 1991).  In either instance, the Court considers whether there are material facts in dispute and whether Defendant is entitled to prevail as a matter of law.

3

added).  As further set out in § 405(h), "[n]o findings of fact or decision of the Commissioner

of Social Security shall be reviewed by any person, tribunal, or governmental agency except as

herein provided."

As noted above, Defendant contends that, because Plaintiff did not exhaust his

administrative remedies before filing his Complaint in this Court, there is no "final decision"

properly subject to judicial review in this case under 42 U.S.C. § 405(g).

> The Social Security Administration has established a four-step administrative
> review process that, when fully completed, results in a "final decision" of the
> Commissioner.  The four steps include the following:
>
> > (1) Initial determination;
> > (2) Reconsideration;
> > (3) Hearing before an ALJ; and
> > (4) Appeals Council review.
>
> 20 C.F.R. § 404.900(a)(1)-(4).  Exhaustion of administrative remedies is a
> prerequisite to judicial review. 20 C.F.R. § 404.900(a)(5).

Mercer v. Colvin, No. 1:12CV1024, 2014 WL 3486707, at *2 (M.D.N.C. July 11, 2014)

(Osteen, J.).   Here, Plaintiff admits that he completed only the first two steps of the

administrative review process, and the sworn Declaration submitted by Defendant confirms

this fact.  Accordingly, it is undisputed that there is no "final decision" and thus no basis for

this Court to conduct judicial review under § 405(g).  Mercer, 2014 WL 3486707, at *2 (citing

Blair ex rel. I.L.B. v. Astrue, No. 8:11–2099–RMG, 2012 WL 1019334, at *1 (D.S.C. Mar. 26,

2012)).  Therefore, this case should be dismissed for lack of subject matter jurisdiction.  See

Hill, 2016 WL 727177 at *5-*7.

This conclusion is not affected by Plaintiff's unsworn assertion that he "was told by a

person who works at the social security office in the summer months of 2018 while he was in

Cherokee, NC over phone number 336-453-1697 that he will receive an administrative hearing date but he was not given a hearing after a letter requesting a hearing was sent to the social security office" (Pl.'s Resp. [Doc. #7] at 1). Although Plaintiff further asserts that "Phone records prove the conversation if an investigation is required" (id.), he provides no such records or other supportive evidence in his Response or other filings. Moreover, as Defendant correctly notes, the regulations are explicit that a hearing must timely be made in writing. (Def.'s Resp. Br. [Doc. #14] at 2.) According to Defendant's records, the Agency has no evidence of a written request for a hearing, and Plaintiff has submitted no copy of any letter requesting a hearing, no tracking information, and no other evidence of mailing. (Id.) Plaintiff's response includes an unsworn assertion that "a letter requesting a hearing was sent," but Plaintiff does not state who sent the letter or when it was sent, and he has not submitted an affidavit or other sworn statement after being given the opportunity to do so. Defendant also notes that, even if a hearing could be properly requested by phone, Plaintiff has not shown that he made a timely request within sixty days of the notice of the reconsideration decision. (Id.) Defendant has presented evidence that "the Agency reviewed SSA's Audit Trail System from July 13, 2018 (the date of Plaintiff's reconsideration notice) through the end of the year, on December 31, 2018, to determine if Plaintiff called the Agency's 800-number or an SSA Field Office during that time period." (Def.'s Resp. Br. at 6) (citing Butler Decl. [Doc. #14-1] at ¶ 6). As Defendant sets out in the Supplemental Response,

> The Audit Trail System tracks each time a Social Security number is accessed, including, for example, by tele-service representatives or benefit authorizers for the Agency's 800-number or to an SSA Field Office. See Butler Decl. at ¶ 4. When a beneficiary calls the Agency's 800-number or an SSA Field Office, the employee first obtains the beneficiary's social security number (SSN) to identify

the caller before any other information can be added or updated to a record. See Butler Decl. at ¶ 5.

(Def.'s Resp. Br. at 6.)  In the instant case, "the Agency's Audit Trail System shows that the only phone call Plaintiff made to either the Agency's 800-number or SSA's Field Offices was on October 1, 2018," twenty days after his sixty-day period for filing a hearing request expired.[2] (Id.)  In short, Plaintiff provides no evidence that he properly completed the required administrative process before filing his claim in this Court.

The Court further notes that in the specific case of administrative exhaustion, exhaustion requirements may be waived by the Commissioner or, in certain circumstances, by the Court itself.  For example, the Court may excuse a plaintiff's failure to exhaust where exhaustion would be futile, where the claim is collateral to a demand for benefits, or where the plaintiff would suffer irreparable harm if required to exhaust his administrative remedies before proceeding in court.  Bowen v. City of New York, 476 U.S. 467, 483 (1986); Mathews v. Eldridge, 424 U.S. 319, 330–32 (1976).  "The ultimate decision of whether to waive exhaustion . . . should also be guided by the policies underlying the exhaustion requirement." Bowen, 476 U.S. at 484.  These policies include "preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review."  Id. (quoting Weinberger v. Salfi, 422 U.S. 749, 765 (1975)).

---

[2] Under the regulations, Plaintiff was required to submit a written request for a hearing within sixty days of receiving his July 13, 2018 reconsideration notice.  See 20 C.F.R. §§ 404.930(b), 404.933, 416.1430(b), 416.1433.

Here, Plaintiff does not suggest any basis to waive the exhaustion requirement, nor is there evidence that any of the relevant factors for waiver apply in this case. Certainly nothing in the parties' filings indicates that exhaustion would be futile or that Plaintiff's claim is collateral to a demand for benefits; indeed, he is specifically seeking to recover on his claims for benefits under the Act. Similarly, there is no basis to conclude that Plaintiff would suffer irreparable harm if first required to exhaust his administrative remedies, given that Plaintiff could choose to properly follow the administrative appeal process or simply refile for benefits, as he has done before. Finally, the policies underlying the exhaustion requirement heavily favor dismissal in cases such as this, where the agency has yet "to compile a record which is adequate for judicial review" through the hearing process. Zachery v. Colvin, 2015 WL 5821638, at *2 (E.D.N.Y. Sept. 30, 2015) (quoting Bowen, 476 U.S. at 484) (internal citations omitted). Because Plaintiff leapfrogged into federal court, bypassing steps three and four of the administrative process, i.e., a hearing before an ALJ and review by the Appeals Council, this Court does not have an administrative decision to review and cannot fully or properly consider Plaintiff's claims.

The Court has also considered whether Plaintiff's *pro se* Complaint could reasonably be read as asserting some other request for relief, particularly in light of the Fourth Circuit's decision in Evans v. Commissioner of Social Security, 670 F. App'x 156 (4th Cir. 2016). In Evans, a *pro se* plaintiff sought "appropriate relief based on the SSA's refusal to respond to his administrative appeal of the denial of his request for disability benefits." Id. Evans admittedly had not proceeded beyond the reconsideration stage within the SSA, and the Fourth Circuit noted that the district court was correct to dismiss any challenge to the merits of the SSA's

disability determination for lack of subject matter jurisdiction. However, the Fourth Circuit remanded to the district court because, liberally construed, the pleadings "raised the possibility that [Evans] sought relief in the form of a writ of mandamus." Id. at 156-57. The Court further noted that "although Evans failed to exhaust administrative remedies, courts maintain jurisdiction over requests for a writ of mandamus if the plaintiff establishes that 'the administrative process normally available is not accessible' because the agency fails or refuses to act." Id. at 157 (quoting U.S. ex rel. Rahman v. Oncology Assoc., P.C., 198 F.3d 502, 515 (4th Cir. 1999)).

Here, Plaintiff states in his response briefs that he called the Agency to request an administrative hearing, was told that a hearing would be scheduled, and then never heard back. However, Plaintiff's Complaint describes Plaintiff's injury as having "not been paid SSI benefits since filing for them," and requests as relief "a declaration of entitlement of SSI benefits . . . and such other and further relief as this Court deems just and proper including pre-judgment interest." (Compl. at 4-5.) Even in the case of a *pro se* Plaintiff, the Court may only consider claims that are raised in the pleadings. Here, nothing in the Complaint requests that the Court direct the SSA to conduct a hearing or otherwise complete the administrative process, and there is no evidence Plaintiff has even pursued that request with the SSA. Thus, unlike Evans, this is not a case where the Complaint could reasonably be read as seeking a writ of mandamus; instead, the Complaint clearly asks this Court to review the SSA determination and award Plaintiff benefits. Given this, it appears that the most appropriate course would be to dismiss the present Complaint, but without prejudice to Plaintiff filing a new Complaint that clarifies his request, either by exhausting his administrative remedies as set out above, re-

filing his claim for benefits with the SSA and then properly completing the administrative process, or requesting relief in the form of a writ of mandamus directing the SSA to proceed with his claim, setting out a detailed basis for the claim if the agency is somehow refusing to act.[3]

Similarly, the Court notes that Plaintiff also cites 29 U.S.C. § 1132(a)(1)(B) as the basis for his claim, citing to the provisions of ERISA, and he also references "a long term disability claim that he filed with Cigna dating back to 2010 that was settled." (Compl. at 3-4.) However, Plaintiff has not named Cigna or any other private employer or insurer as a defendant, and it does not appear that he is actually asserting an ERISA claim.[4] As with the other possible claims noted above, if Plaintiff intends to assert such a claim he should clarify the claims and file them on the proper forms for further review by the Court.

Finally, Plaintiff has filed a Motion for Default Judgment requesting an evidentiary hearing on his claim for SSI benefits. However, Defendant has not failed to respond in this case and there is no basis for entry of default. To the extent Plaintiff is requesting an administrative hearing before an ALJ, that request should be made to the Social Security Administration as part of the administrative process, not to this Court in the first instance. In

---

[3] The Court notes that in his Response, Plaintiff states that the "Social Security appeals process is very difficult for claimant Daniel Roberts to comprehend. Daniel was diagnosed with ADHD as an adolescent making the appeals process difficult to comprehend." (Pl. Supp. Resp.). However, Plaintiff can request assistance and representation as part of the administrative agency process, in order to obtain assistance in taking whatever steps would be appropriate to complete the administrative process or request an administrative hearing. The Notices from the Social Security Administration denying his request for Reconsideration set out the process for taking these steps and requesting assistance.

[4] Plaintiff may be contending that he is entitled to social security benefits because he received a settlement on his long-term disability ERISA claim. However, the fact that he may have received some long-term disability benefits would not control the social security determination, and in any event, he needs to exhaust the administrative procedure for his Social Security claim and obtain a final agency decision before seeking review by the Court.

the Motion for Default Judgment, Plaintiff states that "multiple doctors have completed the disability forms for me agreeing that I am a disabled person." However, this Court does not review that evidence in the first instance. Instead, if Plaintiff has new evidence to present, he can request an administrative hearing with an ALJ, or re-file his claim for benefits with the Agency and then fully complete the administrative process.

For all of these reasons, the Court will recommend that Plaintiff's Motion for Default Judgment be denied, that Defendant's Motion to Dismiss or for Summary Judgment be granted, and that Plaintiff's Complaint be dismissed without prejudice to him pursuing his claims by first exhausting the administrative process or by re-filing with clarification to the extent he seeks relief other than an award of benefits from the Social Security Administration.

IT IS THEREFORE RECOMMENDED that Plaintiff's Motion for Default Judgment [Doc. #15] be DENIED, that Defendant's Motion to Dismiss or for Summary Judgment [Doc. #5] be GRANTED, and that Plaintiff's Complaint [Doc. #1] be DISMISSED without prejudice as set out above.

This, the 18th day of May, 2022.

    /s/ Joi Elizabeth Peake    
United States Magistrate Judge